IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                         )<br>   Plaintiff,                                    )<br>                                                         )<br>   vs.                                             )<br>                                                         )<br>ALFRED W. EARL and                    )<br>JOYCE I. EARL,                              )<br>                                                         )<br>   Defendants,                               )<br>                                                         )<br>and                                                 )<br>                                                         )<br>KATHERINE WINTER,                    )<br>                                                         )<br>   Interested Person.                     ) | CASE NO. 4:06CV3018<br><br><br><br>JUDGMENT BY DEFAULT AND<br>DECREE OF FORECLOSURE |

    This matter is before the Court for determination upon the Complaint filed herein by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Michael G. Heavican, United States Attorney for the District of Nebraska, and Paul D. Boeshart, Assistant United States Attorney for the District. The Defendants, Alfred W. Earl and Joyce I. Earl, failed to answer or otherwise appear or plead to the allegations contained in the Complaint and the Defendants are in default in this action.

    Having examined the record of these proceedings, and having been fully advised in the premises, the Court finds that the Court has jurisdiction of these proceedings pursuant to Title 28, United States Code, § 1345, and that due and legal notice of the pendency of this action has been given. The Court has acquired jurisdiction of all the parties.

    The Court finds that each and all of the allegations of Plaintiff's Complaint are taken as admitted. Thus, there is due and owing to the Plaintiff as of April 12, 2006, the principal sum of $40,149.26, interest credit or subsidy subject to recapture in the amount of

$15,905.49, plus accrued interest in the amount of $2,840.62, together with interest accruing at the rate of $7.9749 per day from April 12, 2006, until the date of entry of this decree.  Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 5.03 % computed daily and compounded annually until paid in full.  The amount due Plaintiff as stated herein is the first lien on the following described real estate in Hamilton County, Nebraska, to-wit:

> The West Half of Lot Two (2) and all of Lot Three (3), Block Seven (7), Enterprise Addition to City of Aurora, Hamilton County, Nebraska.

The above-described premises will sell to the best advantage in one entire tract, and the Plaintiff is entitled to a Decree of Foreclosure in rem and Order of Sale as prayed.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. The Plaintiff's Motion for Default Judgment (Filing No. 7) is granted;
2. Judgment in rem is entered against the Defendants and the real estate that is the subject of this action;
3. The above and foregoing findings are made a part of this decree and order and by this reference incorporated herein;
4. If the costs as indicated below and the several amounts above found due and interest thereon be not paid within twenty (20) days from the date of this Judgment, then all equity of redemption in the premises shall be foreclosed and the premises sold as upon execution in one entire tract;

5. The Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements;

   and that the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court;

9. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the

parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

DATED this 8th day of June, 2006.

                                                BY THE COURT

                                                s/Laurie Smith Camp
                                                United States District Judge